

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-13-00186-CR

_____

ERIC URIAH CARRILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,880-B; Honorable John B. Board, Presiding

April 10, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Eric Uriah Carrillo, was convicted by a jury of robbery, enhanced by a prior felony conviction,[1] and sentenced to forty-five years confinement and a $10,000 fine. In presenting this appeal, court-appointed counsel, W.

---

[1] TEX. PENAL CODE ANN. § 29.02 (West 2011) and § 12.42(b) (West Supp. 2013).

Brooks Barfield, Jr., filed a *Motion to Withdraw* supported by an *Anders*[2] brief certifying the appeal was without merit and that he could not advance any grounds for reversal of Appellant's conviction. We grant the motion to withdraw and affirm.

This particular proceeding has been complicated by Appellant's attempt to retain counsel *after* Barfield filed his motion to withdraw. On September 18, 2013, Barfield filed his motion to withdraw and *Anders* brief. On October 24, 2013, David Martinez filed a *Motion to Substitute Counsel* and a *Motion for Extension of Time for Filing Appellant's Response to Anders Brief.* While Appellant was granted a *sua sponte* extension of time to file his *pro se* response to the *Anders* brief, the motion to substitute was taken under advisement. Accordingly, throughout this proceeding, Barfield has remained as Appellant's lead counsel, while Martinez has been recognized by this Court as additional counsel.

In support of his motion to withdraw, Barfield certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Barfield candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Barfield has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3)

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3]

By letter, this Court specifically granted Appellant an opportunity to exercise his right to file a *pro se* response to Barfield's motion and brief, should he be so inclined. *Id.* at 409 n.23. Furthermore, as stated above, this Court granted Appellant an extension of time to file his response. Notwithstanding this Court's explicit instructions that Appellant was granted leave to file a *pro se* response in accordance with standard procedures in an *Anders* proceeding, Martinez filed a brief on the merits, signed by him, raising the issue of legal sufficiency of the evidence. That brief was struck by order dated February 24, 2014.[4] Although Appellant never filed a response *per se*, in the interest of justice, we deem Appellant's correspondence with this Court in which he did raise issues as his *pro se* response to Barfield's motion and *Anders* brief. The State responded with a letter noting it would not file a brief unless this Court determined the appeal had merit.

## BACKGROUND

The robbery victim in this case is a young, college-educated man who suffers from bipolar and Asperger's disorders.[5] Shortly before midnight on October 14, 2012,

---

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

[4] *See Carrillo v. State*, No. 07-13-001850CR, 2014 Tex. App. LEXIS 2324, at *6 (Tex. App.— Amarillo Feb. 24, 2014, no pet. h.).

[5] According to the victim, his bipolar disorder causes hypomanic episodes and his Asperger's

3

he walked from his home to a nearby convenience store to purchase cigarettes. At the time he was wearing a leather jacket. Just outside the store, he had an encounter with Appellant concerning the leather jacket. The victim testified he removed his jacket and gave it to Appellant out of fear and nervousness but that Appellant returned the jacket admitting he was just "messing around" with him. Appellant's version was that the victim removed his jacket and gave it to him because he admired it and wanted to see the label so he could purchase one like it.

After the encounter over the jacket, the victim began walking home. Appellant and his accomplice girlfriend were riding in a SUV. The victim, who lived just a few blocks from the convenience store, noticed the SUV following him. According to the victim and Appellant's accomplice girlfriend,[6] the SUV stopped and she exited and approached the victim to ask him for his jacket, threatening Appellant would beat him up if he failed to do so. Appellant then exited the SUV, tackled the victim, choked him, and tried to pull off the jacket. He directed his girlfriend to hold the victim's legs still. The victim was able, however, to grab Appellant's ponytail and pull with enough force to convince Appellant to cease choking him. The two stopped almost simultaneously, and Appellant asked the victim his name and where he lived. Nervous and visibly upset, the victim complied. Appellant and his girlfriend returned to the SUV and left.

The victim was shaken up and concerned that Appellant knew his address so he went to his neighbor's home to tell him of the assault. The neighbor convinced him to

_____

causes him to be uncomfortable in social situations. He takes medications for both disorders.

[6] Appellant's girlfriend, who was incarcerated on a different offense, was bench warranted to trial and testified under an immunity agreement assuring she would not be prosecuted for any wrongdoing related to this incident.

4

call 911 and report the incident. The two also discovered the victim's wallet was missing from his pocket.[7] The victim testified he was in pain while being choked, and his neck felt like it had a knot in it, and it was uncomfortable to swallow for three days. He further testified he had trouble sleeping after the incident.

Appellant's version of the events is in stark contrast to the victim's. He believed the victim was "high," and when his girlfriend exited the SUV because he and his girlfriend were arguing, he saw the victim as a threat to his girlfriend. According to Appellant, he exited the SUV and restrained the victim to protect her. He asked the victim to calm down so he could release him and claimed he asked his address to offer him a ride home because he was so upset. He denied any intent to take the leather jacket and also denied stealing his wallet.

## ANALYSIS

A person is guilty of robbery if, in the course of committing theft and with intent to obtain or maintain control of property, that person intentionally, knowingly or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011). "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission or an immediate flight after the attempt or commission of theft. *Id.* at § 29.01(1). "Bodily injury" means physical pain, illness or impairment of physical condition. *Id.* at § 1.07(a)(8).

---

[7] A digital recording from the convenience store's security camera showed the victim put his wallet in his pocket but his wallet was missing after the incident with Appellant.

The evidence is sufficient under *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), to support Appellant's conviction. It is inconsequential that he did not complete the act of appropriating the leather jacket. Attempting to commit theft and causing the victim physical pain by choking and restraining him is sufficient evidence to enable a rational trier of fact to have found the essential elements of robbery beyond a reasonable doubt.

Furthermore, a defendant cannot be convicted on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the charged offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). Appellant's former girlfriend testified she had known Appellant since high school and had been abused by him for years. She testified similarly to the victim's version of the assault. However, even if her testimony was never considered, the victim's testimony and the digital recording from the convenience store's security camera support the conviction.

When, as here, we have an *Anders* brief by court-appointed counsel and a *pro se* response by Appellant, we have two choices. We may determine the appeal is wholly frivolous and issue an opinion explaining we have reviewed the record and find no reversible error, *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be retained or

appointed to brief those issues. *Id.*[8] (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We have independently examined the entire record including, but not limited to, pretrial hearings, evidentiary rulings, the court's charges during guilt/innocence and punishment, the punishment and sentencing phase and trial counsel's representation to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, Barfield's brief and Appellant's *pro se* response, we agree there is no plausible basis for reversal. *See Bledsoe*, 178 S.W.3d at 826-27.

## CONCLUSION

The trial court's judgment is affirmed and Barfield's motion to withdraw is granted. Because Barfield's motion to withdraw has been granted, Martinez's motion to substitute is rendered moot. For purposes of this proceeding, Martinez is now considered by this Court to be Appellant's attorney of record.


Patrick A. Pirtle
Justice


Do not publish.

---

[8] If a court of appeals reviews a case and issues an opinion addressing and rejecting the issues raised in a *pro se* response to an *Anders* brief, an appellant would be deprived of the meaningful assistance of counsel. *Bledsoe*, 178 S.W.3d at 827.